ORIGINAL
D+F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MATTHEW BRESLAUER,

        Plaintiff,

-against-

TRANSPORTATION SECURITY
ADMINISTRATION,

        Defendant.
-----------------------------------------------------------x

**MEMORANDUM & ORDER**
Case No. 04 CV 1110 (FB) (LB)

*Appearances:*
*For the Plaintiff*
MATTHEW BRESLAUER, *Pro Se*
232 Merril Avenue
Staten Island, NY 10314

*For the Defendant:*
ROSLYNN R. MAUSKOPF
United States Attorney for the
Eastern District of New York
by:   MARGOT P. SCHOENBORN, ESQ.
       Assistant United States Attorney
One Pierrepoint Plaza
Brooklyn, NY 11201

**BLOCK, District Judge:**

      On June 8, 2005, Magistrate Judge Bloom issued a Report and Recommendation ("R & R") recommending that the above-referenced case be dismissed for lack of prosecution. The R & R recited that "parties shall have ten (10) days from service of this [R&R] to file written objections" and that "[f]ailure to file a timely objection ... generally waives any further judicial review." R&R at 4 (citing, *inter alia*, 28 U.S.C. § 636(b)(1)). Plaintiff, Matthew Breslauer ("Breslauer"), has not filed any objections to the R&R.

If clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R & R without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). Here, the R&R, which was mailed to the parties, *see* Docket Entry No. 6, both provided notice of the R&R and informed Breslauer of his right to object and the consequences of failing to do so.

The Court will excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000). Here, nothing on the face of the R & R suggests plain error. Accordingly, the Court adopts the R & R without *de novo* review.

SO ORDERED.

FREDERIC BLOCK
United States District Judge

Brooklyn, New York
June 14, 2005